IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03402-RTG

KURT OVERTURF,

    Plaintiff,

v.

TRITON RESOURCES II LLC,

    Defendant.

---

### ORDER TO FILE AMENDED COMPLAINT

---

    Plaintiff Kurt Overturf lives in Greeley, Colorado. On December 6, 2024, Plaintiff filed *pro se* a Complaint (ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2). The Court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 4). Plaintiff's complaint is therefore screened pursuant to § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1(a).

    The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Plaintiff must file an amended Complaint.

1

**I.    COMPLAINT**

Plaintiff appears to claim that the defendant, Triton Resources II LLC, is stealing natural gas from his property. (ECF No. 1 at 1-5). Plaintiff seeks to invoke this Court's federal question jurisdiction, alleging as follows: "US Const. Art. II Sec 14, 15 Inverse Condemnation." (*Id.* at 3). Plaintiff also cites two Colorado statutes and states "Antitrust Conduct (Nat Gas Theft)" in the section designated for identifying the bases for the Court's jurisdiction. (*Id.*). Plaintiff also seeks to invoke the Court's diversity jurisdiction, identifying himself as a citizen of Colorado and the defendant as being incorporated under the laws of "Wyo then Colo then Penn." (*Id.*). Plaintiff states that defendant's principal place of business is "unknown," but provides a Greeley, Colorado address as the "subject res site of gas theft." (*Id.*).

It is unclear what claims Plaintiff asserts against the defendant or what relief Plaintiff seeks. (*Id.* at 4-5). Plaintiff describes the claimed theft of natural gas as an "<u>in-camera</u> crime" and references a "loss of all crime-related stuff."[1] (*Id.* at 4). The Court will now discuss the issues with Plaintiff's pleading.

---

[1] Insofar as Plaintiff seeks a criminal investigation or prosecution as relief, "courts universally endorse the principle that private citizens cannot prosecute criminal actions." *Higgins v. Neal*, 52 F.3d 337, *1 (10th Cir. 1995) (citing cases); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). As such, Plaintiff's amended pleading should not seek such relief.

## II. PLEADING ISSUES

### A. Subject-Matter Jurisdiction

Rule 8 requires Plaintiff to provide a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action if it lacks subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject-matter jurisdiction may be raised *sua sponte* by the court at any time during the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkoneni*, 511 U.S. at 377.

There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Federal-question jurisdiction exists for all claims arising under the Constitution, laws, or treaties of the United States." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quotations and citation omitted). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* "Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on

the face of plaintiff's well-pleaded complaint. . . . Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Id.*

A plaintiff properly invokes diversity jurisdiction under § 1332 jurisdiction by presenting a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Allegations of diversity jurisdiction must be pled affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). "Diversity jurisdiction requires complete diversity — no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). To determine the citizenship of a business association or partnership "for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

To the extent Plaintiff seeks to invoke the Court's federal-question jurisdiction, Plaintiff does not identify any provision of federal law that provides a private right of action to be brought in federal court.[2] Plaintiff likewise fails to explain how his claim or

---

[2] Though Plaintiff refers to "inverse condemnation," there are no well-pled allegations suggesting that his property has been taken by the government for a public use.

claims turn on a substantial question of federal law. Nor does Plaintiff affirmatively plead allegations to establish that all plaintiffs and all defendants are citizens of different states. *Grynberg*, 805 F.3d at 905 (stating that "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

In any amended pleading, Plaintiff must clarify the jurisdictional basis for his claims and provide sufficient factual allegations to establish this Court's subject-matter jurisdiction over such claims.

**B.   Rule 8**

Complaints must also contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In any amended pleading, Plaintiff must allege well-pled facts in a clear, concise, and organized manner to explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### III.     CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with all directives contained in this order. It is

FURTHER ORDERED that Plaintiff shall obtain and use the court-approved Complaint Form (General Complaint), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff must refile a complete complaint with all sections fully completed and all claims and allegations included within the amended pleading. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

Finally, Plaintiff may contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

DATED December 10, 2024.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge